## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**WANDA SUE SELLERS,**  :
:
   Plaintiff,  :
:
v.  :  Civil Action No. 7:08-cv-16 (HL)
:
**MIDLAND CREDIT MANAGEMENT,**  :
**INC., EXPERIAN INFORMATION**  :
**SOLUTIONS, INC.,**  :
:
   Defendants.  :
_____

## ORDER

Plaintiff, Wanda Sue Sellers, and Defendant, Experian Information Solutions, Inc., have submitted a document styled as a "Stipulation of Dismissal with Prejudice" (Doc. 18), in which they seemingly attempt to effect a voluntary dismissal with prejudice of Defendant Experian. Included with their Stipulation of Dismissal, however, is document styled as a "Consent Order of Dismissal with Prejudice," which seeks an order of the Court to effect dismissal.

Federal Rule of Civil Procedure 41(a) provides for dismissal of actions by one of two methods: (1) by voluntary dismissal *without a court order*, Fed. R. Civ. P. 41(a)(1), or (2) by court order, Fed. R. Civ. P. 41(a)(2). Voluntary dismissal by the plaintiff can be done by stipulation of dismissal *signed by all parties who have appeared*. Fed. R. Civ. P. 41(a)(1)(ii). Voluntary dismissals filed pursuant to Rule

41(a)(1)(ii) allow the parties to bypass the court and effectuate dismissals without a court order. Thus a properly-filed stipulated dismissal made pursuant to Rule 41(a)(1)(ii) is effective automatically and does not require judicial approval. *See, e.g.,* Hester Indus., Inc. v. Tyson Foods, Inc., 160 F.3d 911, 916 (2d Cir. 1998), and cases cited therein.

Where agreement of the parties cannot be obtained, a plaintiff may request an order of dismissal. To obtain a court order of dismissal, the plaintiff must file a motion. Fed. R. Civ. P. 41(a)(2); Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.") Here, Plaintiff has not complied with either version of the rule for dismissal: Plaintiff has not made a motion for a court order of dismissal; neither has she filed a stipulation of dismissal signed by all parties who have appeared.

In order to assist Plaintiff in obtaining the dismissal which she seeks, the Court will treat the Stipulation of Dismissal with Prejudice as a Motion for Dismissal of Defendant Experian Information Solutions, Inc. brought pursuant to Rule 41(a)(2). Before the Court can act on such Motion, however, it must first give the remaining Defendant, Midland Credit Management, Inc., an opportunity to voice any objection it might have to the Motion. Therefore, Midland Credit Management, Inc. shall have until November 12, 2008, to file any objections it might have to the dismissal of Defendant Experian Information Solutions, Inc. If no objection is filed by that date, the Court will enter an order of dismissal as to Experian. If the parties would like to

facilitate the resolution of this matter, they are welcome to file a proper stipulation of dismissal, signed by all parties who have appeared, at any time.

**SO ORDERED**, this the 4th day of November, 2008.

<u>*s/  Hugh Lawson*</u>
**HUGH LAWSON**

mls